UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S.,<br><br>            Plaintiff,<br><br>    v.<br><br>NEW YORK LIFE INSURANCE COMPANY,<br><br>            Defendant. | Case No. 22-cv-01260-HSG<br><br>**ORDER GRANTING MOTION TO PROCEED ANONYMOUSLY**<br><br>Re: Dkt. No. 11 |

Pending before the Court is Plaintiff M.S.'s unopposed administrative motion to proceed anonymously, using only her initials. Dkt. No. 11. The Ninth Circuit permits parties to proceed anonymously under "special circumstances" where it is necessary "to protect the party from harassment, injury, ridicule or embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000). The Ninth Circuit has emphasized that this should be reserved for the "unusual case," and "the party's need for anonymity [must] outweigh[] prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. The Ninth Circuit has further suggested that courts may need to reevaluate this balance as the litigation proceeds. *Id.* at 1068–69.

Here, Plaintiff states that her claim for disability benefits under the Employment Retirement Income Security Act ("ERISA") is based on her mental health history, and that this information is particularly sensitive. *See* Dkt. No. 11 at 3. She explains that she was diagnosed with chronic post-traumatic stress disorder and major depressive disorder, arising in part from the death of her newborn child within an hour of his birth. *See* Dkt. No. 11 at 3. Plaintiff argues that her mental health and professional reputation as an OB/GYN will suffer if she is publicly linked to her mental health history. *Id.* Although she is only working part time right now, her goal is to

return to full-time obstetrics work. *Id.* Plaintiff is concerned that employers, colleagues, and patients will question her ability to work in this field given her history. *Id.* She further explains that she has a very distinctive last name, which will make it easier to connect her to this case. *Id.* at 3.

In contrast, Plaintiff states that this will not prejudice Defendant Life Insurance Company of North America because it either has or can easily identify Plaintiff from her claim number. *Id.* at 4. Defendant does not appear to oppose the motion. Plaintiff further argues that "the public interest does not require linking the Plaintiff's identity with the intimate medical details underlying her claim." *Id.* at 5.

The Court has some reservations that Plaintiff's argument could be raised in almost any ERISA case. Nevertheless, during the case management conference, the parties explained that they are working to settle this case without the need for further litigation. They have mediation scheduled on August 24, 2022. *See* Dkt. No. 28. Additionally, the parties' motions under Federal Rule of Civil Procedure 52 are not due until December 2022, and no other filings are due in the interim. *See* Dkt. No. 25. The Court therefore finds that the public's interest in knowing Plaintiff's identify is limited at this time, and does not outweigh Plaintiff's need for anonymity. The Court therefore **GRANTS** the motion, but will reevaluate whether Plaintiff may proceed anonymously if this case does not settle in mediation.

**IT IS SO ORDERED.**

Dated: 7/18/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

2